Marc S. Reiner, Esq.
HAND BALDACHIN & AMBURGEY LLP
8 West 40th St., 12th Floor
New York, NY 10018
(212) 956-9500

Attorneys for Plaintiff
MZ Wallace Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MZ WALLACE INC. <br><br>       Plaintiff, <br><br> SUSAN FULLER, D/B/A THE OLIVER THOMAS, and BLACK DIAMOND GROUP, INC. <br><br>       Defendant. | **COMPLAINT** |

Plaintiff MZ WALLACE INC. ("MZ Wallace" or "Plaintiff"), and through their undersigned counsel, as and for their Complaint against Defendants SUSAN FULLER D/B/A THE OLIVER THOMAS and BLACK DIAMOND GROUP, INC. (together, "Oliver Thomas" or "Defendants"), alleges as follows:

### INTRODUCTION

1.  This action concerns Defendants' willful infringement of MZ Wallace's distinctive trade dress, as described herein.   For nearly two decades, MZ Wallace has devoted substantial resources to promoting the goodwill of the MZ Wallace Trade Dress for bags and accessories.   As a result of these efforts, MZ Wallace's trade dress has achieved great renown in the United States and around the world for such products.

2.  Attempting to capitalize on the goodwill and renown associated with the MZ Wallace trade dress, Defendants have widely publicized and launched, without MZ Wallace's

authorization, bags and accessories bearing quilted designs (the "Infringing Designs") that are identical or, if not identical, confusingly similar to the MZ Wallace trade dress.

3.     Through their actions, Defendants are misleading consumers into believed that MZ Wallace is affiliated, connected, or associated with Defendants, and/or that MZ Wallace sponsors, endorses, licenses, or otherwise approves of Defendants' products.   Defendants' use of the Infringing Designs also dilutes the value of MZ Wallace's famous quilted designs. Unless enjoined, Defendants' conduct will continue to injure both MZ Wallace and the public.

## JURISDICTION AND VENUE

4.     This action is based on Sections 43(a) and (c) of the Lanham Act, 15 U.S.C.A. §§ 1125(a) and (c), Sections 349 and 360-1 of the New York General Business Law, and the common law of the State of New York.

5.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C.A. § 1121, and 28 U.S.C.A. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(a).

6.     Upon information and belief, a substantial part of the events giving rise to the claims herein occurred in this District.   Venue in this Court is therefore proper under 28 U.S.C.A. §1391(b) and (c).

## THE PARTIES

7.     Plaintiff MZ Wallace Inc. is a corporation duly organized and existing under the laws of the state of New York with a principal place of business at 10 Crosby Street, 5th Floor, New York, NY 10013.

8.      Upon information and belief, Defendant Susan Fuller d/b/a The Oliver Thomas ("Fuller") is an individual with a principal place of business at 1010 S. Glenhurst Drive, Birmingham, Michigan 48009.

9.      Upon information and belief, Defendant Black Diamond Group, Inc. is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 400 TradeCenter, Suite 2990, Woburn, MA, 01801.

## BACKGROUND

**A.      <u>The MZ Wallace Trade Dress</u>**

10.     MZ Wallace is an internationally recognized luxury brand with a worldwide distribution.   The primary engine for MZ Wallace's phenomenal success and renown has been its innovative use of a particular quilted pattern and material for its bags that had not been widely used beforehand.   Although quilted patterns had been used previously on bags by others, and continue to be so used, MZ Wallace's bags use a very particular quilting pattern on nylon bags and the result has been met with great acclaim and commercial success.

11.     Specifically, MZ Wallace bags are known for having a pattern consisting of:   (1) a nylon bag; (2) with a quilted grid; (3) of 7/8 inch squares; (4) placed at a 45 degree angle with a corner facing downward; (5) with squares covering all or substantially all over the bag (the "MZ Wallace Trade Dress").   What makes the MZ Wallace Trade Dress so unique is the size and angle of the quilted pattern and fabric choice, especially when coupled with the bags' shape, particular configuration and design of its straps, distinctive zipper placement and pocketing.

12.     Since it was launched, the quilted MZ Wallace Trade Dress has become symbolic and emblematic of the MZ Wallace handbag line.   To MZ Wallace's knowledge, no

other significant manufacturer of clothing or accessories uses designs that are the same as, or confusingly similar to, the MZ Wallace Trade Dress without MZ Wallace's consent.

13.     MZ Wallace's Metro Tote bag is an excellent example of the MZ Wallace Trade Dress.   Since its introduction, the Metro Tote has always contained the signature quilting and design that is part of MZ Wallace's signature look, as seen below:



The bag's quilting, pocketing, and detailing make that design instantly recognizable as originating from MZ Wallace.

14.     MZ Wallace's merchandise bearing the MZ Wallace Trade Dress is sold in high-end department stores such as Nordstrom and Saks Fifth Avenue, MZ Wallace stores, online at mzwallace.com, and in other authorized retail establishments.

15.     MZ Wallace has expended millions of dollars and significant effort in advertising and promoting products bearing the MZ Wallace Trade Dress.   As a result of these substantial promotional investments, MZ Wallace has developed an enormously valuable interest in the MZ Wallace Trade Dress, resulting in tens of millions of dollars in retail sales.

16.     The MZ Wallace Trade Dress is so identifiable that several of MZ Wallace's advertising campaigns feature only the quilting, examples of which can be seen below.

 



MZ Wallace understand that the MZ Wallace Trade Dress is of primary importance to potential customers and they only need to see the distinctive quilting pattern to recognize the company's products.

17.     Products bearing the groundbreaking and popular MZ Wallace Trade Dress have received considerable media attention and have been featured in numerous publications and websites, such as *WWD*, *Forbes*, *Newsday*, *Accessories Magazine*, *Health*, *Real Simple*, the *New York Times*, *Cosmopolitan*, *Shape*, *Travel + Leisure*, *InStyle*, *7x7*, *Flare*, *Women's Health*, *StarStyle*, *Gotham*, *Well + Good*, *New York Observer*, and *Better After Fifty*.   The media frequently discusses that the MZ Wallace Trade Dress is distinctive and closely identified with MZ Wallace, as can be seen in the examples reprinted below:

- *WWD* stated MZ Wallace is known for nylon and their "signature quilting pattern."
- *New York Observer* observed that MZ Wallace is "known for go-anywhere quilted fabric bags"
- *Travel + Leisure* pointed out that "the quilting adds a bit of signature flair."
- *Gotham* magazine wrote "You've probably already spotted a Metro Tote in varying colors at least once or twice being carried by a stylish New Yorker" and "MZ Wallace is known for its nylon collections."
- *Health* observed, "Walk into any New York City gym, and you're bound to see a woman carrying an MZ Wallace tote"
- *Well + Good* said that "everyone turns to the MZ Wallace tote bags" and continued "Take one look at any Equinox, Barre3, or any block of Fifth Avenue and the chances that you see this quilted bag are as good as catching a celeb sighting at SoulCycle."
- *7x7* mentioned MZ Wallace's "signature, quilted nylon bags, colorful totes and backpacks."

18.     In addition to its commercial success, MZ Wallace has also received industry recognition for its unique design.   In 2016, MZ Wallace was the Carlos Falchi Iconoclast Recipient at the 10th Annual Independent Handbag Awards, which recognized MZ Wallace for its distinctive accessories and go-to handbags.

19.     Photographs of celebrities such as Anne Hathaway, Jamie King, Daisy Ridley, and Lupita Nyong'o carrying bags bearing the MZ Wallace Trade Dress have been widely distributed in the media.

20.     Because of the value and importance of the MZ Wallace Trade Dress, MZ Wallace continually monitors and enforces its trade mark rights in that trade dress.   This enforcement has resulted in numerous agreements reached with past infringers of the MZ Wallace Trade Dress in which they agreed to cease their infringing activities.

**B.**     **Defendants and their Infringing Activities**

21.     Defendants Susan Fuller d/b/a The Oliver Thomas and Black Diamond Group, Inc. are manufacturers of handbags and accessories. Defendants' products are generally priced between $49 to $109.

22.     Defendants sell their products through third party retail stores and online at theoliverthomas.com.

23.     Defendants, without permission or authorization, has used identical, or if not identical, confusingly similar designs to Plaintiff's.

24.     For example, Defendants' "Wingwoman Tote" (below left) bears a striking resemblance to Plaintiff's Metro Tote (below right) resulting from the mimicry of the MZ Wallace Trade Dress as well as the Metro Tote's shape, straps, and pocketing, as seen below.

 

25.    Similarly, Defendants' "24+7 Cellphone Crossbody" is nearly identical to Plaintiff's Micro Crosby bag.   The size, shape, logo placement, and zipper placement are virtually indistinguishable from and certainly confusingly similar to Plaintiff's Micro Crosby bag. The products can be seen below.




**MZ Wallace Micro Crosby**                    **Oliver Thomas 24+7**
**Cellphone Crossbody**

26.    Similarly, Defendants' "24+7 Backpack" is markedly similar to Plaintiff's Metro Backpack, in addition to the MZ Wallace Trade Dress, the shape, pocket placement, and three-channel strap designs are nearly identical, as seen below.




**MZ Wallace's Metro Backpack**



**Oliver Thomas's 24+7 Backpack**

27.     There can be no mistaking that Defendants copying of the MZ Wallace Trade Dress was deliberate and with the intent of causing confusion and/or dilution amongst consumers.   Fuller has described Defendants' products as "just like MZ Wallace at a fraction of the cost."   Indeed, the entire line of products sold by Defendants utilizes the MZ Wallace Trade Dress, without exception.   Defendants themselves therefore recognize that the MZ Wallace Trade Dress is closely identified with Plaintiff and that they intend to misappropriate Plaintiff's valuable good will in that trade dress.

28.     By their actions, Defendants have knowingly misappropriated, infringed and diluted the MZ Wallace Trade Dress. These actions have injured and continue to injure Plaintiff irreparably.

29.     Defendants' actions are likely to cause members of the public to believe that Plaintiff endorses, is associated or affiliated with or otherwise approves of Defendants. Such confusion has already occurred and will continue unless Defendants' activities are enjoined.

## COUNT ONE
## FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT
## UNDER SECTION 43(A) OF THE LANHAM ACT

30.     MZ Wallace hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 29 above.

31.     By making unauthorized use, in interstate commerce, of the Infringing Designs, Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with MZ Wallace and/or as to the sponsorship or approval of Defendants' goods by MZ Wallace, in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a). Defendants' acts as alleged herein misrepresent the nature, characteristics, or qualities of its goods, services, or commercial activities.

32.     Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendants' products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a).

33.     Defendants' wrongful acts will continue unless enjoined by this Court.

34.     Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff.   Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT TWO
## DILUTION UNDER SECTION 43(C) OF THE LANHAM ACT

35.     MZ Wallace hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 34 above.

36.     Plaintiff's MZ Wallace Trade Dress is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C.A. § 1125(c).

37.     The MZ Wallace Trade Dress is distinctive and has been in use for a long time, playing a prominent role in Plaintiff's marketing, advertising, and the popularity of their products across many different media.   The MZ Wallace Trade Dress became famous long before Defendants began using the Infringing Designs on their products.   The MZ Wallace Trade Dress has garnered widespread publicity and public recognition in New York and elsewhere nationwide.

38.     Defendants use their Infringing Designs in U.S. commerce in connection with Defendants' distribution, sale and/or offering for sale of its goods.

39.     Defendants' use of the Infringing Designs actually dilutes, or is likely to dilute, the distinctive quality of the MZ Wallace Trade Dress and thus lessens the capacity of the MZ Wallace Trade Dress to identify and distinguish MZ Wallace's goods. Defendants' unlawful use of the Infringing Designs in connection with inferior products also tarnishes the MZ Wallace Trade Dress and causes blurring in the minds of consumers between MZ Wallace and Defendants, as well as between genuine MZ Wallace merchandise and Defendants' goods, thereby lessening the capacity of the MZ Wallace Trade Dress to serve as a unique identifier of MZ Wallace's products.

40.     By the acts described above, Defendants have intentionally and willfully diluted, or are likely to dilute, the distinctive quality of the famous MZ Wallace Trade Dress in violation of Section 43(c) of the Lanham Act, 15 U.S.C.A. § 1125(c).

41.     Defendants' wrongful acts will continue unless enjoined by this Court.

42.     Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff.   Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

11

## COUNT THREE
## DECEPTIVE ACTS AND PRACTICES
## UNDER SECTION 349 OF NEW YORK GENERAL BUSINESS LAW

43.     MZ Wallace hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 42 above.

44.     Plaintiff is the exclusive owner of the MZ Wallace Trade Dress nationwide, including in New York.

45.     Through their advertisements, offers to sell, and sales of products bearing a quilted nylon identical or confusingly similar to the MZ Wallace Trade Dress, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

46.     Defendants' deceptive acts or practices, as described in the paragraphs above, are materially misleading. Upon information and belief, these acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed its marketing activities, and MZ Wallace has been injured thereby.

47.     By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law.

48.     Defendants' wrongful acts will continue unless enjoined by this Court.

49.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.   Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**COUNT FOUR**
**DILUTION AND LIKELIHOOD OF INJURY TO BUSINESS REPUTATION**
**UNDER SECTION 360-l OF NEW YORK GENERAL BUSINESS LAW**

50.     MZ Wallace hereby incorporates by reference and realleges each and every

allegation of Paragraphs 1 through 49 above.

51.     Plaintiff is the exclusive owner of the MZ Wallace Trade Dress nationwide,

including in New York.

52.     Through prominent, long, and continuous use in commerce, including commerce

within New York, Plaintiff's MZ Wallace Trade Dress has become and continues to be famous

and distinctive, since long before Defendants' adoption of the Infringing Designs.

53.     Defendants' use of the Infringing Designs actually dilutes, or is likely to dilute,

the distinctive quality of the MZ Wallace Trade Dress and lessens the capacity of the MZ

Wallace Trade Dress to identify and distinguish MZ Wallace's goods.   Defendants' unlawful

use of the Infringing Designs causes blurring in the minds of consumers between MZ Wallace

and Defendants, as well as between genuine MZ Wallace merchandise and the Defendants'

goods, thereby lessening the capacity of the MZ Wallace Trade Dress to serve as a unique

identifier of MZ Wallace's products.   Moreover, consumers are likely to purchase Defendants'

products with the erroneous belief that Defendants are associated with, sponsored by, or

affiliated with MZ Wallace, or that MZ Wallace is the source of those products.

54.     By the acts described above, Defendants have actually diluted, or are likely to

dilute, the distinctiveness of Plaintiff's trade dress, and have caused a likelihood of harm to

Plaintiff's business reputation in violation of Section 360-l of the New York General Business

Law.

55.     Defendants' wrongful acts will continue unless enjoined by this Court.

56.     Defendants' acts have caused, and will continue to cause, irreparable injury to MZ Wallace.   MZ Wallace has no adequate remedy at law and is thus damaged in an amount not yet determined.

**COUNT FIVE**
**TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER COMMON LAW**

57.     MZ Wallace hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 56 above.

58.     Plaintiff owns all right, title, and interest in and to the MZ Wallace Trade Dress as described above, including all common law rights in such marks and trade dress.

59.     The products sold by Defendants incorporate imitations of Plaintiff's common law trademarks and trade dress.   Such unauthorized use by Defendants of Plaintiff's common law trademarks and trade dress constitutes trademark and trade dress infringement, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers mistakenly to believe such products are MZ Wallace's authentic goods.

60.     Upon information and belief, Defendants have appropriated one or more of MZ Wallace's common law trademarks and trade dress, causing confusion, mistake, and deception as to the source of its goods.   Defendants palm off its goods as those of MZ Wallace, improperly trading upon MZ Wallace's goodwill and MZ Wallace's valuable rights in and to the MZ Wallace Trade Dress.

61.     Upon information and belief, Defendants committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiff's rights, and Plaintiff are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

14

62.     By the acts described above, Defendants have engaged in trademark and trade dress infringement in violation of the common law of the State of New York.

63.     Defendants' wrongful acts will continue unless enjoined by this Court.

64.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.   Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**COUNT SIX**
**UNFAIR COMPETITION UNDER COMMON LAW**

65.     MZ Wallace hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 64 above.

66.     Plaintiff owns all right, title, and interest in and to the MZ Wallace Trade Dress as described above, including all common law rights in such marks.

67.     Defendants palm off its goods as those of MZ Wallace, improperly trading upon MZ Wallace's goodwill and MZ Wallace's valuable rights in and to the MZ Wallace Trade Dress.

68.     Upon information and belief, Defendants committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

69.     By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

70.     Defendants' wrongful acts will continue unless enjoined by this Court.

71.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.

72.     Plaintiff has no adequate remedy at law and are thus damaged in an amount not yet determined.

**WHEREFORE**, MZ Wallace prays:

A.      For judgment that:

(i)     Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a);

(ii)    Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C.A. § 1125(c);

(iii)   Defendants have engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(iv)    Defendants have diluted MZ Wallace's marks in violation of Section 360-1 of the New York General Business Law;

(v)     Defendants have engaged in trademark infringement under the common law of the State of New York; and

(vi)    Defendants have engaged in unfair competition in violation of the common law of the State of New York.

B.      That an injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

(i)     Using the Infringing Designs, or any reproduction, counterfeit, copy or colorable imitation of the MZ Wallace Trade Dress to identify any goods not authorized by MZ Wallace;

(ii)    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the MZ Wallace Trade Dress;

(iii)   Using a false description or representation including designs, words, or other symbols tending falsely to describe or represent Defendants' goods as being those of MZ Wallace, or sponsored by or associated with MZ Wallace, and from offering such goods into commerce;

(iv)    Further infringing the MZ Wallace Trade Dress by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by MZ Wallace bearing the Infringing Designs or any simulation, reproduction, counterfeit, copy or colorable imitation of the MZ Wallace Trade Dress;

(v)    Using the Infringing Designs or any simulation, reproduction, counterfeit, copy or colorable imitation of the MZ Wallace Trade Dress in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

(vi)    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(vii)    Performing any act constituting an infringement of the MZ Wallace Trade Dress or of MZ Wallace's rights in said trademarks, or using or exploiting said trademarks, or constituting any dilution of Plaintiff's MZ Wallace Trade Dress;

(viii)    Secreting, destroying, altering, removing, or otherwise dealing with products bearing the Infringing Designs or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all products bearing the Infringing Designs, or any simulation, reproduction, counterfeit, copy or colorable imitation of the MZ Wallace Trade Dress; and

(ix)    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (viii),

C.    That an order be issued directing Defendants to deliver up for destruction to Plaintiff all unauthorized products and advertisements in its possession or under its control bearing the Infringing Designs, or any simulation, reproduction, counterfeit, copy or colorable imitation of the MZ Wallace Trade Dress, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C.A. § 1118.

D.    That an order be issued directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Plaintiff or related in any way to Plaintiff' products, including, without limitation, an order

directing Defendant to remove all of MZ Wallace's images from its advertising materials on the Internet, in print, and in any other media.

E.      For an assessment of the damages suffered by MZ Wallace, trebled, including an award of all profits that Defendants have derived while using the Infringing Designs, trebled, as well as costs and attorney's fees to the full extent provided for by Section 43 of the Lanham Act, 15 U.S.C.A. § 1125; and awarding profits, damages, and fees, to the full extent available, pursuant to Sections 349 and 360-1 of the New York General Business Law; and punitive damages to the full extent available under the common law.

F.      For an order requiring Defendant to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

G.      For costs of suit, and for such other and further relief as the Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated:  March 14, 2018
        New York, New York

HAND BALDACHIN & AMBURGEY LLP

By:  _____
        Marc S. Reiner
        8 West 40th Street, 12th Floor
        New York, New York 10018
        (212) 956-9500

        Attorneys for Plaintiff
        MZ Wallace Inc.

18