```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
MZ WALLACE INC.,                           :
                          Plaintiff,       :
              -v-                          :    18cv2265(DLC)
                                           :
SUE FULLER D/B/A THE OLIVER THOMAS, and    :    OPINION & ORDER
BLACK DIAMOND GROUP, INC.,                 :
                                           :
                          Defendants.      :
                                           :
------------------------------------------ :
                                           :
BLACK DIAMOND GROUP, INC.,                 :
                                           :
                          Counterclaim     :
                          Plaintiff,       :
              -v-                          :
                                           :
MZ WALLACE INC.,                           :
                                           :
                          Counterclaim     :
                          Defendant.       :
                                           :
------------------------------------------X
```

APPEARANCES

For the plaintiff:
Marc S. Reiner
Adam B. Michaels
Hand Baldachin & Associates LLP
9 West 40th Street, 12th Floor
New York, New York 10018

For the defendants:
David H. Bernstein
Christopher S. Ford
Olena V. Ripnick-O'Farrell
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022

DENISE COTE, District Judge:

Plaintiff MZ Wallace Inc. ("MZ Wallace") alleges that defendants Sue Fuller and Black Diamond Group, Inc. (referred to as "Oliver Thomas") infringed its trade dress rights in a particular quilting style used on handbags and other accessories it sells. Oliver Thomas has responded with counterclaims. The defendants have moved to dismiss three of MZ Wallace's six claims, and MZ Wallace has moved to dismiss one of Oliver Thomas's three counterclaims. For the following reasons, Oliver Thomas's motion is granted in part and MZ Wallace's motion is granted.

**Background**

The following facts are taken from the pleadings, and are construed in the light most favorable to the nonmoving party. MZ Wallace sells luxury bags. It asserts a trade dress consisting of: "(1) a nylon bag; (2) with a quilted grid; (3) of 7/8 inch squares; (4) placed at a 45 degree angle with a corner facing downward; (5) with squares covering all or substantially all over the bag" (the "Trade Dress").

MZ Wallace has spent millions of dollars advertising and promoting bags that bear its Trade Dress. Media outlets have covered MZ Wallace and specifically refer to the Trade Dress. The Complaint quotes a number of articles that refer to MZ

2

Wallace's "signature quilting pattern" and its "signature, quilted nylon bags, colorful totes and backpacks." MZ Wallace has also received an award for its handbags, and celebrities have been photographed carrying the bags. MZ Wallace has made tens of millions of dollars in retail sales.

Oliver Thomas is a brand owned by defendant Black Diamond Group. Oliver Thomas was launched in November 2017, and was co-founded by defendant Fuller. Oliver Thomas asserts that it sought to create bags that are "lightweight, washable, vegan, [and] synthetic," that would sell for "around . . . $100," and that have "quilting because it [i]s functional and strong."

Oliver Thomas bags feature a one-inch square diagonal quilting pattern at a 45-degree angle. A three-dimensional Oliver Thomas logo and word mark are placed on Oliver Thomas bags. Oliver Thomas bags are sold online and at boutique stores nationwide.

Oliver Thomas had an agreement with palmer & purchase, a retailer, to order and stock Oliver Thomas goods. It asserts that, before the Complaint in this action was filed, MZ Wallace told palmer & purchase that Oliver Thomas was infringing MZ Wallace's trade dress rights and that MZ Wallace was litigating this claim against Oliver Thomas. palmer & purchase then cancelled an existing order for Oliver Thomas goods and cited MZ Wallace's lawsuit as the reason for the cancellation.

3

During the February 2018 fashion industry trade show known as Coterie, one of MZ Wallace's co-founders had a verbal conflict with employees working at Oliver Thomas's booth. Oliver Thomas asserts that MZ Wallace also made "damaging statements" to buyers concerning Oliver Thomas, and that this resulted in Oliver Thomas losing business opportunities.

In May 2018, a Coterie employee disclosed that MZ Wallace "was upset that Oliver Thomas had been permitted to participate in the February 2018 Coterie." The Coterie employee explained that, because of the longstanding relationship between MZ Wallace and Coterie and because of this lawsuit, Oliver Thomas would not be permitted to participate in the September 2018 Coterie trade show.

**Procedural History**

This action was filed on March 14, 2018. The Complaint asserts six causes of action: false designation of origin and dilution in violation of the Lanham Act, deceptive practices and dilution under New York state law, common law trademark and trade dress infringement, and common law unfair competition. On April 5, Oliver Thomas moved to dismiss the Lanham Act dilution claim, and the New York deceptive practices and dilution claims. This motion became fully submitted on May 10.

Also on April 5, Oliver Thomas answered the Complaint and

filed counterclaims seeking a declaration that the Trade Dress is not protectable under federal or state law, a declaration of noninfringement, and alleging that MZ Wallace tortuously interfered with Olive Thomsas's business relationships. Following a motion to dismiss the tortious interference counterclaim, Oliver Thomas filed an amended counterclaim. The MZ Wallace motion to dismiss that counterclaim became fully submitted on June 21.[1] The parties are scheduled to file a joint pretrial order for the bench trial in this matter on November 16, 2018.

## **Discussion**

A court reviewing a motion to dismiss made under Rule 12(b)(6), Fed. R. Civ. P., must "accept[] all of the complaint's factual allegations as true and draw[] reasonable inferences in the [nonmovant's] favor." Giunta v. Dingman, 893 F.3d 73, 79 (2d Cir. 2018). "The complaint's allegations, however must be plausible on their face, a standard that asks for more than a sheer possibility that a defendant has acted unlawfully." Montero v. City of Yonkers, 890 F.3d 386, 394 (2d Cir. 2018) (citation omitted). A court "need not accept conclusory

---

[1] On June 22, the defendants objected to exhibits attached to and statements made in MZ Wallace's reply brief, and requested leave to file a sur-reply. On June 25, MZ Wallace filed a letter addressing these contentions.

5

allegations or legal conclusions couched as factual allegations." Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015) (citation omitted). "Rule 12(b) applies equally to claims, counterclaims, cross-claims and third-party claims, see Fed. R. Civ. P. 12(b), and plaintiff's motion to dismiss defendant's counterclaim[ is] evaluated under these same standards." Wine Enthusiast, Inc. v. Vinotemp Int'l Corp., No. 17cv6782(DLC), 2018 WL 3475468, at *2 (S.D.N.Y. July 19, 2018).

I. MZ Wallace's Federal Dilution Claim

Oliver Thomas has moved to dismiss the plaintiff's Lanham Act dilution claim for failure to sufficiently allege that the Trade Dress is famous. The motion is granted.

Section 43(c) of the Lanham Act permits

> the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, [to obtain] an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

15 U.S.C. § 1125(c)(1). In dilution actions "for trade dress not registered" with the United States Patent and Trademark Office ("PTO"), "the person who asserts trade dress protections has the burden of proving that . . . the claimed trade dress, taken as a whole, is not functional and is famous." 15 U.S.C. § 1125(c)(4)(A).

6

"[A] mark is famous if it widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2). A court is to "consider all relevant factors" when determining a mark's fame, including:

> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.
>
> (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark.
>
> (iii) The extent of actual recognition of the mark.

15 U.S.C. § 1125(c)(2)(A).

"[T]he element of fame is the key ingredient" to a successful federal dilution claim, because it is "the one that most narrows the universe of potentially successful claims." Savin Corp. v. Savin Grp., 391 F.3d 439, 449 (2d Cir. 2004). A mark with "only a degree of 'niche fame'" is not entitled to dilution protection. Id. at 450; see also TCPIP Holding Co. v. Haar Commc'ns Inc., 244 F.3d 88, 99 (2d Cir. 2001) (noting that it is "improbab[le] that Congress intended to grant [the protections extended to famous marks] to marks that are famous in only a small area or segment of the nation").

Construing the allegations in the light most favorable to MZ Wallace, the Complaint fails to state a plausible dilution claim. MZ Wallace alleges that it has promoted the Trade Dress

7

"[f]or nearly two decades," and that "no other significant manufacturer of clothing or accessories uses designs that are the same as, or confusingly similar to, the MZ Wallace Trade Dress without MZ Wallace's consent." Merchandise with the Trade Dress "is sold in high-end department stores such as Nordstrom and Saks Fifth Avenue, MZ Wallace stores, online at mzwallace.com, and in other authorized retail establishments." "MZ Wallace has expended millions of dollars and significant effort in advertising and promoting products" bearing the Trade Dress, and MZ Wallace has realized "tens of millions of dollars in retail sales." A number of general interest and fashion publications have written about MZ Wallace generally and the Trade Dress specifically. Some of these pieces refer to the Trade Dress as MZ Wallace's "signature," and others state that MZ Wallace is "known for" products bearing the Trade Dress.

These allegations are insufficient to plead a claim that the Trade Dress itself, on which MZ Wallace bases this claim, is famous. The examples the Complaint provides of its advertising campaign prominently display the MZ Wallace name on top of quilted fabric. Much of the media coverage quoted in the Complaint appears to discuss the quilted pattern as a feature of MZ Wallace's best-known products. These and the other allegations do not state a plausible claim that the Trade Dress itself has achieved the degree of recognition in the general

8

population to qualify it as a famous mark.

II. MZ Wallace's New York Law Dilution Claim

MZ Wallace claims that Oliver Thomas has also diluted its Trade Dress in violation of Section 360-l of the New York General Business Law. Oliver Thomas moves to dismiss this claim on the ground that the Complaint fails to allege that the Trade Dress has acquire secondary meaning. For the reasons that follow, the motion is denied.

To state a claim of dilution under Section 360-l, a plaintiff must allege, <u>inter alia</u>, that its mark "has a distinctive quality or has acquired a secondary meaning such that the trade[mark] has become so associated in the public's mind with the [plaintiff] that it identifies goods sold by that entity as distinguished from goods sold by others." <u>Fireman's Ass'n of State of N.Y. v. French Am. Sch. of N.Y.</u>, 839 N.Y.S.2d 238, 242 (3d Dep't 2007) (citation omitted).

> Secondary meaning exists where the public is moved in any degree to buy an article because of its source. Factors that are considered in determining whether a mark has developed secondary meaning include (1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and, (6) length and exclusivity of the mark's use.

<u>De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.</u>, 440 F. Supp. 2d 249, 280 (S.D.N.Y. 2006) (addressing Section 360-l).

This portion of Oliver Thomas's motion is denied. There is no heightened pleading standard for a trade dress infringement claim. The allegations in the Complaint plausibly allege that the public is moved to buy products bearing the Trade Dress because the public associates the Trade Dress with a single source.

III. MZ Wallace's New York Law Deceptive Practices Claim

MZ Wallace claims that the defendants, in advertising and selling products similar in style to the Trade Dress, have engaged in a deceptive practice in violation of Section 349 of the New York General Business Law. Oliver Thomas moves to dismiss this claim on the ground that MZ Wallace has failed to allege a direct harm to consumers. This motion is denied.

Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 349(a). "To state a claim for a [Section] 349 violation, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 124 (2d Cir. 2017) (citation omitted).

Conduct is consumer-oriented where a defendant engages in "an extensive marketing scheme [or] multi-media dissemination of

information to the public," as well as where it reflects "a standard or routine practice that [could] potentially affect[] similarly situated consumers." N. State Autobahn, Inc. v. Progressive Ins. Grp., 953 N.Y.S.2d 96, 101 (2d Dep't 2012) (citation omitted). "The kinds of trade practices which have been considered as deceptive in the past include false advertising, . . . [and] misrepresentation of the origin, nature or quality of the product." Teller v. Bill Hayes, Ltd., 630 N.Y.S.2d 769, 773 (2d Dep't 1995) (citation omitted). Conversely, "[p]rivate contract disputes, unique to the parties," or "[t]he single-shot transaction" are not "consumer-oriented conduct." N. State Autobahn, 953 N.Y.S.2d at 101 (citation omitted). A plaintiff "need not show that the defendant committed the complained-of acts repeatedly -- either to the same plaintiff or to other consumers -- but instead must demonstrate that the acts or practices have a broader impact on consumers at large." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (1995); see also James v. Penguin Grp. (USA) Inc., No. 13cv2801(DLC), 2014 WL 1407697, at *9-10 (S.D.N.Y. Apr. 11, 2014). Thus, a Section 349 violation was stated where a plaintiff alleged that "standard forms and advice supplied to the consuming public at large" were deceptive, but not where a plaintiff alleged that a unique insurance policy negotiated by two highly sophisticated parties

11

violated the statute.  N.Y. Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 321 (1995).

The Complaint alleges that Oliver Thomas engaged in consumer-oriented conduct.  The Complaint alleges that Oliver Thomas has marketed and sold bags that have "confusingly similar designs" to the Trade Dress, and supports this allegation with photographs of bags sold by each party.  The Complaint also quotes Fuller, a founder of Oliver Thomas, as stating that Oliver Thomas's bags are "just like MZ Wallace at a fraction of the price."  Taken together, these allegations support an inference that Oliver Thomas has directed conduct "to the consuming public at large."  Id.

Oliver Thomas also asserts that MZ Wallace is required to allege conduct that negatively affects the public interest that is distinct in some way from misleading consumer-oriented commercial conduct.  This is incorrect.  Section 349 is violated when misleading conduct is directed at the public at large.  There is, of course, a well-recognized public interest in prohibiting conduct that confuses or deceives consumers.

IV. Oliver Thomas's Tortious Interference Counterclaim

Oliver Thomas claims that MZ Wallace tortuously interfered with its prospective business relationships when it advised third parties that Oliver Thomas was infringing MZ Wallace's rights in its Trade Dress.  MZ Wallace has moved to dismiss this

claim, arguing that the counterclaim fails to allege wrongful intent and causation. For the following reasons, the motion is granted.

There are four elements required to state a claim for tortious interference with prospective business relations under New York law:

> (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship.

16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 261 (2d Cir. 2003) (citation omitted). Where a tortious interference claim is premised on "interference not with contract rights but only with existing or prospective economic relations," a plaintiff must plead wrongful means. Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190 (2004). Wrongful means consist of either "conduct [that] amount[s] to a crime or an independent tort," or "conduct [with] the sole purpose of inflicting intentional harm on plaintiff[]." Id. (citation omitted). Acting pursuant to one's "normal economic self-interest" is not sufficient, and when a defendant "has acted with a permissible purpose, . . . wrongful means have not been shown, even if the defendant was indifferent to the plaintiff's fate." 16 Casa Duse, 791 F.3d at 262 (citation omitted).

"New York courts have left open the possibility that a defendant who has harassed a plaintiff with meritless litigation may have utilized wrongful means." Id. (citation omitted). The Second Circuit has suggested, however, that litigation is only wrongful if it is "frivolous, objectively unreasonable, . . . patently meritless," or brought in subjective bad faith. Id. at 263.

Oliver Thomas fails to state a claim of tortious interference with business relations because it fails to allege that MZ Wallace used wrongful means to interfere with a prospective economic relationship between Oliver Thomas and a third party. The amended counterclaim asserts that MZ Wallace interfered with Oliver Thomas's business relations by making statements to palmer & purchase in late February 2018, and to Coterie employees at some time after the February 2018 Coterie trade show. Oliver Thomas alleges that MZ Wallace stated that Oliver Thomas was infringing its trade dress rights and that MZ Wallace was litigating against Oliver Thomas. MZ Wallace sent Oliver Thomas a cease and desist letter on February 26, 2018, and the Complaint in this action was filed on March 14. Taking these allegations as true, Oliver Thomas has alleged no more than MZ Wallace's pursuit of its "normal economic self-interest." Id. at 262.

Oliver Thomas contends that MZ Wallace's acts were wrongful

in two ways.  First, it asserts that MZ Wallace "knew it had no protectable trade dress rights" because the PTO twice denied registration of the Trade Dress.  MZ Wallace applied to have the Trade Dress registered with the PTO.  The PTO denied registration and MZ Wallace has abandoned that process.  The administrative denial of trade dress registration does not automatically render a claim that a trade dress is protectable meritless.

Second, Oliver Thomas asserts that MZ Wallace had not yet filed the Complaint in this action at the time it told palmer & purchase that it was litigating its trade dress claim.  Oliver Thomas acknowledges that MZ Wallace had sent a cease and desist letter to it before telling third parties that it was litigating.  A reference to litigation in conversation is vague enough to encompass a cease and desist letter that threatens litigation.  These allegations do not support an inference that MZ Wallace's actions were solely motivated by subjective bad faith or other improper motive.  Accordingly, Oliver Thomas has failed to state a claim of tortious interference with business relations.[2]

---

[2] Because the tortious interference counterclaim fails for this reason, the Court does not resolve whether the Exhibits attached to MZ Wallace's reply brief may be considered.  Oliver Thomas's June 22, 2018 request to file a sur-reply is denied.

## Conclusion

Oliver Thomas's April 5, 2018 motion to dismiss count two of the Complaint is granted.  MZ Wallace's May 31 motion to dismiss Oliver Thomas's tortious interference with business relations counterclaim is granted.

Dated:    New York, New York
          August 22, 2018

                                    _____
                                         DENISE COTE
                                    United States District Judge

16