David H. Bernstein (dhbernstein@debevoise.com)
Christopher S. Ford (csford@debevoise.com)
Olena V. Ripnick-O'Farrell (ovripnickofarrell@debevoise.com)
Kathryn C. Saba (ksaba@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |
|---|---|
| MZ WALLACE INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   No. 18 CV 2265-DLC |
| | : |
| SUE FULLER D/B/A THE OLIVER THOMAS, and BLACK DIAMOND GROUP, INC., | : |
| | : |
| Defendants. | : |
| | : |

-----------------------------------------------------------:

|  |  |
|---|---|
| BLACK DIAMOND GROUP, INC., | : |
| | : |
| Counterclaim Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MZ WALLACE INC., | : |
| | : |
| Counterclaim Defendant. | : |

------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR FEES PURSUANT TO RULE 26(b)(4)(E)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

HAL PORET ...................................................................................................................... 2

    I.   Background ............................................................................................................. 2

    II.  Hal Poret has extensive experience in survey design and has served as an expert in numerous trials and hearings, including matters related to trademarks. ......................................................................................................... 3

    III. Hal Poret's deposition concerned his secondary meaning survey, a highly relevant issue in the case. ............................................................................ 4

    IV. Hal Poret's deposition concerned highly technical subject matter that required the attention of an expert with extensive experience in survey design. ..................................................................................................................... 5

SARAH BUTLER ............................................................................................................... 6

    I.   Background ............................................................................................................. 6

    II.  Sarah Butler has extensive experience in survey design and has served as an expert in numerous trials and hearings, including matters related to trademarks. ......................................................................................................... 7

    III. Sarah Butler's deposition concerned her likelihood of confusion survey, a highly relevant issue in the case. ............................................................... 8

    IV. Sarah Butler's deposition concerned highly technical subject matter that required the attention of an expert with extensive experience in survey design. ..................................................................................................................... 8

CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Advanced Video Technologies, LLC v. HTC Corp.*,
No. 11 CV 6604-CM-RLE, 2016 WL 1253899 (S.D.N.Y.  Feb. 23, 2016) ...................... 1

*Brockmeyer v. Hearst Corp.*,
248 F. Supp. 2d 281 (S.D.N.Y. 2003) ................................................................................. 8

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
348 F. Supp. 2d 217 (S.D.N.Y. 2004) ................................................................................. 5

*LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*,
209 F. Supp. 3d 612 (S.D.N.Y. 2016), *aff'd*, 720 F. App'x 24 (2d Cir. 2017) .................. 5

*Malaco Leaf, AB v. Promotion in Motion, Inc.*,
287 F. Supp. 2d 355 (S.D.N.Y. 2003) ................................................................................. 8

*MZ Wallace Inc. v. Fuller*,
No. 18 CV 2265-DLC, Doc. 99 (S.D.N.Y. Dec. 20, 2018) ................................................. 5

*Smith v. New York Presbyterian Hospital*,
No. 05 CV 7729-RJS-DF, 2012 WL 4903256 (S.D.N.Y. Oct. 12, 2012) .......................... 2

**Rules**

Fed. R. Civ. P. 26(b)(4)(E) ................................................................................................. 1

## INTRODUCTION

Defendants Sue Fuller d/b/a The Oliver Thomas and Black Diamond Group, Inc. (collectively, "Oliver Thomas") move this Court for payment for costs incurred by Oliver Thomas' experts Hal Poret and Sarah Butler in connection with their respective depositions and related discovery requested by Plaintiff MZ Wallace Inc. ("MZ Wallace"), pursuant to Federal Rule of Civil Procedure 26(b)(4)(A).

Federal Rule of Civil Procedure 26(b)(4)(E) provides that, if a party seeks, under Federal Rule of Civil Procedure 26(b)(4)(A), any discovery from an expert whose opinions may be presented at trial, "the court must require that the party seeking discovery. . . pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(E). This reimbursement is required unless "manifest injustice would result." *Id.* In addition to payment for time spent attending a deposition, courts in this District have "consistently held that . . . fees for an expert's travel time and preparation time in connection with a deposition, as well as the expert's out-of-pocket expenses are recoverable." *Advanced Video Technologies, LLC v. HTC Corp.*, No. 11 CV 6604-CM-RLE, 2016 WL 1253899, at *7 (S.D.N.Y. Feb. 23, 2016), *report and recommendation adopted in full*, 2016 WL 1271498 (S.D.N.Y. Mar. 30, 2016). The Court has permitted the prevailing party to recover expert fees pursuant to Rule 26(b)(4)(E), following the entry of a final judgment. *Id.* (awarding $76,064.75 in expert fees pursuant to Rule 26(b)(4)(E) following the entry of final judgment and as part of the defendant's bill of costs).

As further set forth below, Oliver Thomas requests an award of $23,625.00 relating to costs incurred by Hal Poret, and an award of $12,525.31 relating to the costs incurred by Sarah Butler, all of which were incurred in direct response to discovery sought by MZ Wallace pursuant to Rule 26(b)(4)(A), namely, the deposition of each expert. These costs are entirely reasonable, as both experts charged Oliver Thomas their reasonable and ordinary rate in

connection with their engagement in this case.  In determining whether the expert fees are

reasonable, courts in this District look to a number of factors, including:  (1) the witness's area of

expertise; (2) the education and training that is required to provide the expert insight that is

sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature,

quality, and complexity of the discovery responses provided; (5) the cost of living in the

particular geographic area; (6) any other factor likely to be of assistance to the court in balancing

the interests implicated by Rule 26; (7) the fee actually being charged to the party who retained

the expert; and (8) fees traditionally charged by the expert on related matters.  *Smith v. New York

Presbyterian Hospital*, No. 05 CV 7729-RJS-DF, 2012 WL 4903256 at *2 (S.D.N.Y. Oct. 12,

2012).  No one factor is determinative.  *Id*.

## HAL PORET

### I.    Background

Hal Poret was engaged by counsel for Oliver Thomas to design and conduct a consumer

perception survey to evaluate the extent to which MZ Wallace's quilted trade dress had acquired

secondary meaning.  On October 10, 2018, after disclosure of Mr. Poret's expert report, Plaintiff

noticed Mr. Poret's deposition, and on October 29, 2018, that deposition took place at the offices

of Plaintiff's counsel.  A copy of Plaintiff's Notice of Deposition of Hal Poret is attached as

Exhibit A to the accompanying Declaration of Kathryn C. Saba in Support of Defendants'

Motion Fees Pursuant to Rule 26(b)(4)(E) ("Saba Decl.").  The deposition began at 9:30 a.m. and

ended at 8:02 p.m. (including breaks).

Mr. Poret spent 27.3 hours preparing for and attending the deposition.  In preparing for

the deposition, Mr. Poret reviewed his own survey design and results; reviewed the rebuttal

report submitted by Dr. Thomas J. Maronick, Plaintiff's expert; and met with counsel for Oliver

Thomas.  In addition to his other preparation work, Mr. Poret also spent time responding to

Plaintiff's document requests, which were included in the Notice of Deposition. (Saba Decl., Ex. A.[1]) Following the deposition, Mr. Poret also spent 7.7 hours preparing an errata sheet for his deposition transcript.

Mr. Poret charged his customary rate of $675 per hour for his services in connection with this litigation. His invoices for time spent responding to Plaintiff's Rule 26(b)(4)(A) discovery requests totaled $23,625.00. Copies of these invoices, including the relevant time entries, are attached as Exhibit B to the accompanying Saba Declaration. In light of Mr. Poret's extensive experience in survey design, the technical difficulties of survey methodology, and the importance of secondary meaning survey evidence in a trade dress case, Mr. Poret's fee was reasonable. In light of Mr. Poret's experience and the complexity of the issues presented by his survey, as well as Plaintiff's reliance on the discovery it obtained at Mr. Poret's deposition at trial, no manifest injustice would result from requiring Plaintiff to pay these expenses. Accordingly, Defendants request, pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), payment in the amount of $23,625.00 for Mr. Poret's time spent responding to Plaintiff's Rule 26(b)(4)(A) discovery requests.

## II.    Hal Poret has extensive experience in survey design and has served as an expert in numerous trials and hearings, including matters related to trademarks.

Mr. Poret's extensive experience justifies the rate he bills for his services. Mr. Poret designs, supervises, and analyzes consumer surveys, including surveys related to trademark and trade dress disputes. Prior to founding his own company, Mr. Poret served as Senior Vice President of ORC International, where he worked for over 10 years, designing, supervising, and

---

[1]    Because Mr. Poret's expert report complied with the Rule 26(a)(2)(B) disclosure obligations and Plaintiff's requests for additional materials were overly broad and unduly burdensome, Oliver Thomas objected to each and every one of Plaintiff's requests for production. Plaintiff did not respond to Oliver Thomas' objections or otherwise move to compel the production of the requested materials.

analyzing consumer surveys, and relatedly providing expert testimony regarding survey research in legal cases. He has personally designed, supervised, and implemented over 1,000 surveys regarding the perceptions and opinions of consumers. Over 300 of those surveys were designed in connection with trademark and trade dress litigations.

Mr. Poret obtained a Bachelor of Science in Mathematics from Union College in 1993, a Master of Arts in Mathematics from S.U.N.Y. Albany in 1995, and a Juris Doctor from Harvard Law School in 1998. He is a member of the American Association of Public Opinion Research, the International Trademark Association, and the National Advertising Division of Council of Better Business Bureaus ("NAD"). He has authored approximately 20 publications or conference papers on consumer perception surveys, and has delivered approximately 10 speeches on the design and implementation of consumer surveys in trademark disputes.

Mr. Poret has testified at deposition and/or in trial in approximately 120 trademark and trade dress cases, about consumer perception surveys, including in the U.S. District Court for the Southern District of New York, as well as in U.S. District Courts in California, Florida, Texas, Illinois, Minnesota, Connecticut, Missouri, Oregon, New Mexico, Pennsylvania, Maryland, Delaware, and other states. He has been qualified as an expert on consumer perception surveys in every case where he has been proffered as an expert, in more than 30 trials and hearings, and was qualified as an expert at trial in this case without objection from Plaintiff. A copy of Mr. Poret's *curriculum vitae* is attached as Exhibit C to the accompanying Saba Declaration.

### III.    Hal Poret's deposition concerned his secondary meaning survey, a highly relevant issue in the case.

Mr. Poret's expert testimony was highly relevant to a central issue in this matter— secondary meaning. Courts have routinely held that surveys can serve as direct evidence of the presence or absence of secondary meaning. *See*, *e.g.*, *Cartier, Inc. v. Four Star Jewelry*

*Creations, Inc.*, 348 F. Supp. 2d 217, 230 (S.D.N.Y. 2004) (finding survey results of 50% to 60%

single-source association to be evidence probative of secondary meaning); *LVL XIII Brands, Inc.*

*v. Louis Vuitton Malletier S.A.*, 209 F. Supp. 3d 612, 657–58 (S.D.N.Y. 2016), *aff'd*, 720 F.

App'x 24 (2d Cir. 2017) (noting that a finding of 3% single-source association "unmistakably

reveal[ed] a lack of secondary meaning").  Plaintiff cannot credibly dispute the importance of

Mr. Poret's deposition testimony to its case—that testimony was the only testimony on which

Plaintiff relied to refute Mr. Poret's direct testimony at trial.

**IV.    Hal Poret's deposition concerned highly technical subject matter that required the attention of an expert with extensive experience in survey design.**

An expert with extensive experience was necessary and appropriate in this case, which

involved an unusual claim of trade dress in a product design.  It was accordingly entirely

reasonable for Mr. Poret to spend substantial time preparing for his deposition.  Mr. Poret had

designed, conducted, and analyzed a highly technical survey study that required skill in and

familiarity with the design and implementation of secondary meaning surveys.  Mr. Poret relied

upon his extensive skill and experience to respond to MZ Wallace's criticisms, which this Court

recognized in its post-trial opinion included challenges to Mr. Poret's screening and survey

questions, survey universe, and stimulus.  *See MZ Wallace Inc. v. Fuller*, No. 18 CV 2265-DLC,

Doc. 99, pp. 35–36 (S.D.N.Y. Dec. 20, 2018).

In light of the importance and difficulty of the subject matter, Mr. Poret's time spent

preparing and fees billed in exchange for his services were reasonable.  Additionally, in light of

the degree to which Plaintiff relied upon Mr. Poret's deposition transcript, it would not be

manifestly unjust for the Court to require that Plaintiff pay these reasonable fees.  Accordingly,

Oliver Thomas requests, pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), payment of

$23,625.00 for Mr. Poret's services in connection with discovery requested by Plaintiff pursuant to Federal Rule of Civil Procedure 26(b)(4)(A).

## SARAH BUTLER

### I.    Background

Sarah Butler was engaged on behalf of Oliver Thomas to design and conduct a consumer perception survey that would evaluate the likelihood of confusion among purchasers of Oliver Thomas' quilted handbags that were challenged by MZ Wallace in this litigation.  On October 10, 2018, after disclosure of Ms. Butler's expert report, Plaintiff noticed Ms. Butler's deposition, and on October 22, 2018, that deposition took place at the offices of Plaintiff's counsel.  A copy of Plaintiff's Notice of Deposition of Sarah Butler is attached as Exhibit D to the accompanying Saba Declaration.  Ms. Butler's deposition began at 9:29 a.m. and ended at 3:49 p.m. (including breaks).

Ms. Butler spent 16.25 hours preparing for and attending her deposition.  In preparing for the deposition, she reviewed materials including her own expert report, as well as the expert report of Dr. Thomas J. Maronick, Plaintiff's expert.  Ms. Butler also met with counsel for Oliver Thomas and spent time responding to Plaintiff's document request, which was included in her notice of deposition.  (Saba Decl., Exhibit D.[2])

Ms. Butler charged Oliver Thomas her customary rate of $650 per hour for her services in connection with this litigation.  Ms. Butler works and resides in San Francisco, more than 100 miles from the site of her deposition in New York, N.Y., and in order to attend her deposition,

---

[2]    Because Ms. Butler's expert report complied with the Rule 26(a)(2)(B) disclosure obligations and Plaintiff's requests for additional materials were overly broad and unduly burdensome, Oliver Thomas objected to each and every one of Plaintiff's requests for production.  Plaintiff did not respond to Oliver Thomas' objections or otherwise move to compel the production of the requested materials.

she incurred $1,962.81 in travel and out-of-pocket expenses.  Her invoice for these expenses and the time spent responding to Plaintiff's Rule 26(b)(4)(A) discovery requests totaled $12,525.31. Copies of Ms. Butler's invoices, including the relevant time entries, are attached as Exhibit E to the accompanying Saba Declaration.  In light of Ms. Butler's extensive experience in survey design, the technical difficulty in designing and implementing a likelihood of confusion survey, and the importance of survey evidence on the likelihood of confusion in a trade dress case, Ms. Butler's rate of $650 per hour was reasonable.  In light of Ms. Butler's experience and the complexity of the issues presented by her survey, as well as Plaintiff's reliance on the discovery it obtained at Ms. Butler's deposition at trial, no manifest injustice would result from requiring Plaintiff to pay these expenses.  Accordingly, Defendants request, pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), payment in the amount of $12,525.31 for Ms. Butler's costs incurred and time spent responding to Plaintiff's Rule 26(b)(4)(A) discovery requests.

## II.    Sarah Butler has extensive experience in survey design and has served as an expert in numerous trials and hearings, including matters related to trademarks.

Ms. Butler's extensive experience justifies the hourly rate she bills for her services. Sarah Butler is a Managing Director at NERA Economic Consulting, where she is also Chair of the Survey and Sampling Practice and a member of the Intellectual Property, Product Liability, Antitrust, and Labor Practices.  Ms. Butler has worked for NERA for over 20 years and conducts survey research, market analysis, and sampling analysis on a wide range of topics regarding business and consumer decision making, consumer choice, and consumer behavior.  She has designed and supervised more than 300 consumer perception surveys, including more than 150 in connection with trademark and trade dress litigations.

Ms. Butler is a member of the American Association of Public Opinion Research, the American Statistical Society, the Intellectual Property Section of the American Bar Association,

and the International Trademark Association. She has authored approximately 10 publications on consumer perception surveys, and has taught research methodology courses (which included survey research) to graduate and undergraduate students. She obtained a Bachelor of Arts in sociology and history from Wellesley College in 1995; a Masters in Philosophy from Trinity College, Dublin Ireland in 1997; a Master of Arts in sociology from Temple University in 2000; and a separate degree in applied sociology from Temple University in 2005. A copy of Ms. Butler's *curriculum vitae* is attached as Exhibit F to the Saba Declaration.

### III. Sarah Butler's deposition concerned her likelihood of confusion survey, a highly relevant issue in the case.

Ms. Butler's expert testimony was highly relevant to a central issue in this matter—likelihood of confusion. Courts have looked to surveys as evidence of likelihood of confusion and have found that surveys showing minimal confusion can support a finding of no likelihood of confusion. *Brockmeyer v. Hearst Corp.*, 248 F. Supp. 2d 281, 298 (S.D.N.Y. 2003) (3% confusion results is proof that there will be no likelihood of confusion); *Malaco Leaf, AB v. Promotion in Motion, Inc.*, 287 F. Supp. 2d 355, 374 (S.D.N.Y. 2003) (1% finding of similarity is affirmative evidence that there is no likelihood of confusion between parties' marks). Ms. Butler's deposition testimony was an important source of information on Oliver Thomas' survey evidence in this case. Indeed, because Plaintiff chose not to cross-examine her at trial, Ms. Butler's deposition testimony was the only testimony on which Plaintiff relied to refute Ms. Butler's direct testimony at trial.

### IV. Sarah Butler's deposition concerned highly technical subject matter that required the attention of an expert with extensive experience in survey design.

Because of the difficulty of the subject matter of this litigation, an expert with extensive experience was necessary. It was entirely reasonable for Ms. Butler to spend substantial time preparing for her deposition. Ms. Butler engaged in a highly technical survey study that required

skill in and familiarity with the design and implementation of likelihood of confusion surveys. Ms. Butler also relied upon her extensive skill and experience to respond to MZ Wallace's criticisms during her deposition.  In light of the importance and difficulty of the subject matter, as well as the experience and skill of Ms. Butler, Ms. Butler's customary rate of $650 per hour was entirely reasonable.  Particularly in light of the degree to which Plaintiff relied upon Ms. Butler's deposition transcript at trial, it would not be manifestly unjust for the Court to require Plaintiff pay these reasonable fees.  Accordingly, Oliver Thomas requests, pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), payment of $12,525.31 for Ms. Butler's services in connection with discovery requested by Plaintiff pursuant to Federal Rule of Civil Procedure 26(b)(4)(A).

## CONCLUSION

For the foregoing reasons, Oliver Thomas requests, pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), that this Court order Plaintiff to pay $36,150.31 in fees incurred by Oliver Thomas' experts in responding to discovery requested by Plaintiff pursuant to Federal Rule of Civil Procedure 26(b)(4)(A).

Dated:      New York, New York
           January 25, 2019

DEBEVOISE & PLIMPTON LLP

By: /s/ David H. Bernstein
    David H. Bernstein (dhbernstein@debevoise.com)
    Christopher S. Ford (csford@debevoise.com)
    Olena V. Ripnick-O'Farrell
    (ovripnickofarrell@debevoise.com)
    Kathryn C. Saba (ksaba@debevoise.com)

    919 Third Avenue
    New York, NY  10022
    (212) 909-6000
    *Attorneys for Defendant-Counterclaim Plaintiff Black Diamond Group, Inc. and Defendant Sue Fuller*